# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE LYNN YARNAL )
) No. 18-216
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for social security disability benefits, alleging mental and physical impairments including those stemming from generalized anxiety disorder, major depressive disorder, hypothyroidism, anemia, and leukocytosis. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ erred in his assessment of the Listings, erred in finding that she had a residual functional capacity ("RFC") of light work, and erred in finding sufficient jobs in the national economy. All of Plaintiff's challenges, however, are traceable to her contentions regarding the ALJ's overall assessment of the record.

Plaintiff describes numerous alleged shortcomings in the ALJ's analysis. She contends, for example, that the ALJ erred in interpreting isolated positive notes, which were "snapshots" and not reflective of the evidence as a whole, in terms of Plaintiff's various impairments, such as those related to social interaction, understanding and remembering information, and adapting and managing oneself. Plaintiff's issues with multiple aspects of the ALJ's approach essentially contends that the evidence "would have allowed" the ALJ to find marked or extreme limitations, rather than the moderate limitations found by the ALJ, or that the ALJ mischaracterized the record in sometimes unspecified ways. In that regard, Plaintiff points to her treating psychiatrist's opinions that she had certain marked limitations. Plaintiff further points to her own testimony, and notes that nothing in the medical records contradicted or diminished her testimony.

Despite her delimiting headings, Plaintiff's detailed contentions are actually quite wide-ranging and rather resistant to neat categorization. Nonetheless, the Court has carefully reviewed the ALJ's decision in this matter alongside Plaintiff's assignments of error. When assessing the Listings, the ALJ considered Plaintiff's mental examinations, along with the report of the state agency consultant, and noted negative as well as positive aspects of the record. For example, she noted "weak and anxious appearance" on mental examinations. Plaintiff has not identified specific instances of impermissible "cherry picking," and the ALJ sufficiently explained her

3

reasoning regarding the evidence. Likewise, in connection with Plaintiff's RFC, the ALJ assessed the objective medical and opinion evidence, and explained her reasons for accepting or rejecting such evidence, or for the weight afforded such evidence. For example, regarding Dr. Buzogany, the ALJ noted that it was unclear whether he treated Plaintiff during the pertinent time frame, and that his opinions regarding restrictive limitations were not supported by the overall record and the state agency consultant's opinion. Notably, the fact that the record evidence could support Plaintiff's position is immaterial to the operative question before this Court.

> Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper. However, the ALJ need not undertake an exhaustive discussion of all the evidence. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."

Franklin v. Berryhill, No. 3:16-CV-2284, 2017 U.S. Dist. LEXIS 73543, at *17 (M.D. Pa. May 15, 2017).

In this case, the ALJ provided sufficient explanation for her conclusions, and it does not appear that she rejected evidence for no reason or for the wrong reason. As I am precluded from reweighing the evidence, I am constrained to find that her decision was supported by substantial evidence.

## CONCLUSION

In conclusion, although I empathize with Plaintiff's situation, I am constrained to find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: Feb. 28, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE LYNN YARNAL )
) No. 18-216
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 28th day of February, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

_/s/ Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court